1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY, | Case No. 1:15-cv-00936-SAB (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH THE FEDERAL RULES OF CIVIL PROCEDURE |
| v. | |
| EDWARD GARCIA, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

17   Plaintiff Jared M. Villery is a state prisoner proceeding pro se and in forma pauperis in

18 this civil action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's

19 complaint, filed June 22, 2015.

20 **I.**

21 **SCREENING REQUIREMENT**

22   The Court is required to screen complaints brought by prisoners seeking relief against a

23 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

24 The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

25 legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or

26 that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

27 1915(e)(2)(B).

28   A complaint must contain "a short and plain statement of the claim showing that the

1  pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

2  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

3  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

4  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate

5  that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.

6  Williams, 297 F.3d 930, 934 (9th Cir. 2002).

7         Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

8  liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

9  1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

10  facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

11  that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss

12  v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

13  has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

14  liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572

15  F.3d at 969.

16                                    **II.**

17                             **DISCUSSION**

18         Plaintiff is in the custody of the California Department of Corrections and Rehabilitations

19  and is housed at the California Substance Abuse Treatment Facility in Corcoran.   Rule 8

20  provides that a complaint must contain "a short and plain statement of the claim showing that

21  [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Plaintiff's complaint is neither short nor

22  plain.  Plaintiff's complaint is over fifty pages long and contains multiple unrelated incidents

23  against twenty-five defendants.  Plaintiff sets forth a series of events that occurred over a period

24  of one year alleging denial of medical care in violation of the Eighth Amendment; retaliation and

25  denial of access to court and freedom of speech in violation of the First Amendment; and denial

26  of due process in violation of the Fourteenth Amendment

27         Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed.

28  R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v.

1  Smith, 507 F.3d 605, 607 (7th Cir. 2007).  While Plaintiff claims that all acts alleged in the

2  complaint were retaliatory, that is not sufficient to make them related under the Federal Rules.

3  Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the

4  same transaction or occurrence, or series of transactions and occurrences, and (2) there are

5  commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348,

6  1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371,

7  1375 (9th Cir. 1980).  Plaintiff's allegations that he was assaulted, denied access to the law

8  library, denied visitation, not allowed to work his assigned job, disciplined for failing to submit a

9  timesheet and seeking mental health treatment, inmate grievances were destroyed, his cell was

10  searched and false charges of possession of weapon were filed, he was placed in administrative

11  segregation, and moved to another prison do not arise out of the same transaction or occurrence

12  or series of transactions or occurrences.  Plaintiff alleges that he filed twenty inmate grievances

13  over the period of a year and retaliatory acts were taken by different defendants at different times

14  in response to different grievances.  The Court finds that Plaintiff's claims are not properly

15  joined under Rule 20(a).

16        Plaintiff shall be granted the opportunity to file an amended complaint that complies with

17  the Federal Rules of Civil Procedure.  In his amended complaint, Plaintiff shall choose which

18  claims he wishes to pursue in this action.  If Plaintiff does not do so and his amended complaint

19  sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds

20  to be improperly joined.  The Court shall provide Plaintiff with the legal standards that would

21  appear to apply to the claims he has raised in the complaint.

22        **A.**    **First Amendment**

23        1.   <u>Free Speech</u>

24        The Supreme Court has long recognized that "(l)awful incarceration brings about the

25  necessary withdrawal or limitation of many privileges and rights, a retraction justified by the

26  considerations underlying our penal system."  Price v. Johnston, 334 U.S. 266, 285 (1948); see

27  also Pell v. Procunier, 417 U.S. 817, 822, (1974); Wolff v. McDonnell, 418 U.S. 539, 555

28  (1974).  "The fact of confinement and the needs of the penal institution impose limitations on

1  constitutional rights, including those derived from the First Amendment, which are implicit in

2  incarceration." Jones v. North Carolina Prisoners' Labor Union Inc., 433 U.S. 119, 125 (1977)

3  (quoting Price, 344 U.S. 266, 285 (1948)).

4      2.   Access to the Courts

5      Plaintiff has a constitutional right of access to the courts and prison officials may not

6  actively interfere with his right to litigate cases. Silva v. Di Vittorio, 658 F.3d 1090, 1101-02

7  (9th Cir. 2011). However, to state a viable claim for relief, Plaintiff must show that he suffered

8  an actual injury, which requires actual prejudice with respect to planned or existing litigation.

9  Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis v. Casey,

10 518 U.S. 343, 348 (1996)) (quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012). In

11 addition, Plaintiff must establish causation by linking the injury complained of to the actions or

12 omissions of one or more named defendants. Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).

13     3.   Retaliation

14     Within the prison context, a viable claim of First Amendment retaliation entails five basic

15 elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

16 because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

17 exercise of his First Amendment rights, and (5) the action did not reasonably advance a

18 legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)

19 (quotation marks omitted); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012);

20 Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

21     **B.**    **Eighth Amendment Claims**

22     While the Eighth Amendment of the United States Constitution entitles Plaintiff to

23 medical care, the Eighth Amendment is violated only when a prison official acts with deliberate

24 indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th

25 Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th

26 Cir. 2014); Wilhelm, 680 F.3d at 1122; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To

27 state a claim, Plaintiff "must show (1) a serious medical need by demonstrating that failure to

28 treat [his] condition could result in further significant injury or the unnecessary and wanton

1  infliction of pain," and (2) that "the defendant's response to the need was deliberately

2  indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference

3  is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical

4  need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d

5  at 1096). The requisite state of mind is one of subjective recklessness, which entails more than

6  ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted);

7  Wilhelm, 680 F.3d at 1122.

8      **B.      Due Process**

9      The Due Process Clause protects prisoners against the deprivation of liberty without the

10  procedural protections to which they are entitled under the law. Wilkinson v. Austin, 545 U.S.

11  209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson,

12  545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. Id.

13  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more

14  adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and

15  under state law, the existence of a liberty interest created by prison regulations is determined by

16  focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v.

17  Conner, 515 U.S. 472, 481-84 (1995)) (quotation marks omitted). Liberty interests created by

18  prison regulations are generally limited to freedom from restraint which imposes atypical and

19  significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson,

20  545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune,

21  476 F.3d 716, 718 (9th Cir. 2007).

22      **D.      Amended Complaint**

23      Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or

24  other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d

25  1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006);

26  Jones, 297 F.3d at 934. To state a claim under section 1983, Plaintiff must demonstrate that each

27  defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 677;

28  Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of

1   Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  This requires Plaintiff to

2   link each named defendant to some act or failure to act that caused the alleged deprivation.

3       Finally, Plaintiff is advised of the following requirements under the Federal Rules of

4   Civil Procedure regarding the general formatting of his complaint.  Plaintiff's complaint must

5   contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief."

6   Fed. R. Civ. P. 8(a)(2).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P.

7   8(d)(1).

8       In his amended complaint, Plaintiff shall state as briefly as possible the facts of his case,

9   describing how each defendant is involved.  For each claim, Plaintiff shall clearly and succinctly

10   set forth the facts to state the acts or failure to act by each Defendant that led to a knowing

11   violation of Plaintiff's federal rights.

12       Finally, as Plaintiff's amended complaint must comply with Rule 18(a) and 20, the Court

13   finds that twenty-five pages is sufficient for Plaintiff to raise his claims in this action.

14   Accordingly, if Plaintiff chooses to amend the complaint, the amended complaint may not

15   exceed twenty-five pages in length, and it will be stricken from the record if it violates this page

16   limitation.  The amended complaint shall be double spaced and in Times New Roman size 12 or

17   similar font.

18       **III.**

19       **CONCLUSION AND ORDER**

20       Plaintiff's complaint does not comply with the Federal Rules of Civil Procedure.

21   Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson,

22   809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by

23   adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no

24   "buckshot" complaints).

25       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

26   each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

27   rights.  Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus

28   on the duties and responsibilities of each individual defendant whose acts or omissions are

1   alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th

2   Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

3   right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

4          Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana,

5   Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987),

6   and must be "complete in itself without reference to the prior or superseded pleading," Local

7   Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an

8   amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers &

9   Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

10         Based on the foregoing, it is HEREBY ORDERED that:

11         1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

12         2.     Plaintiff's complaint, filed June 22, 2015, is dismissed for failure to comply with

13                the Federal Rules of Civil Procedure;

14         3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file

15                an amended complaint;

16         4.     Plaintiff's amended complaint shall not exceed twenty-five pages in length; and

17         5.     If Plaintiff fails to file an amended complaint in compliance with this order, this

18                action will be dismissed for failure to state a claim.

19

20   IT IS SO ORDERED.

21   Dated:   **July 8, 2015**

     _____
     UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28