# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>            Plaintiff,<br><br>    v.<br><br>EDWARD GARCIA, et al.,<br><br>            Defendants. | Case No.  1:15-cv-00936-LJO-SAB<br><br>ORDER DENYING PLAINTIFF'S OBJECTIONS TO ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 11) |

## I.     PROCEDURAL BACKGROUND

Plaintiff Jared M. Villery, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  On July 8, 2015, the magistrate judge screened Plaintiff's complaint and found that it did not comply with the Federal Rules of Civil Procedure.  Plaintiff's complaint was dismissed with leave to amend and Plaintiff was advised that his amended complaint could only bring claims that are properly joined under Federal Rules of Civil Procedure 18 and 20.  On July 30, 2015, Plaintiff filed objections to the magistrate judge's order.

## II.     LEGAL STANDARD

Rule 72 of the Federal Rules of Civil Procedure provides that a party may file objections to nondispositive order of the magistrate judge.  The magistrate judge's decision on nondispositive pretrial issues is reviewed under the clearly erroneous standard.  <u>Bhan v. NME Hospitals, Inc.</u>, 929 F.2d 1404, 1414 (9th Cir. 1991); <u>see also</u> Fed. R. Civ. P.  72(a) ("The district judge in the case must . . . set aside any part of the order that is clearly erroneous or contrary to law.").

Similarly, Local Rule 303(c) allows parties to seek reconsideration by a district judge of a

magistrate judge's pretrial rulings. Local Rule 303(c). The assigned district judge shall review all such requests for reconsideration under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). Local Rule 303(f) (citing Fed. R. Civ. P. 72(a)).

**III.   ANALYSIS**

Plaintiff argues that the magistrate erred by dismissing his complaint without determining which of his claims are properly joined as they all allege a series of retaliatory acts and involve the same defendants. Plaintiff contends that the magistrate judge had to screen the allegations in his complaint and determine which were properly joined.

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). As the magistrate judge pointed out, Plaintiff's complaint is fifty pages long and brings claims against twenty-five defendants. Plaintiff's complaint does not comply with Rule 8.

Similarly, the allegations include events that occurred over a period of one year and do not arise out of the same transaction or occurrence. As Plaintiff states in his objection, he is alleging forty two separate incidents that occurred over a period of one year. Plaintiff's contention that all the acts are a series of retaliatory actions based upon his pursuit of the grievance system at the prison does not make the claims related.

The Magistrate Judge found that

> Plaintiff's allegations that he was assaulted, denied access to the law library, denied visitation, not allowed to work his assigned job, disciplined for failing to submit a timesheet and seeking mental health treatment, inmate grievances were destroyed, his cell was searched and false charges of possession of weapon were filed, he was placed in administrative segregation, and moved to another prison do not arise out of the same transaction or occurrence or series of transactions or occurrences. Plaintiff alleges that he filed twenty inmate grievances over the period of a year and retaliatory acts were taken by different defendants at different times in response to different grievances. The Court finds that Plaintiff's claims are not properly joined under Rule 20(a).

(Order Dismissing Complaint for Failure to Comply With Federal Rules of Civil Procedure 7:7-15, ECF No. 6.)

While Plaintiff argues that his claim is that all acts are based on a claim of harassment, this is not sufficient to allow unrelated claims to proceed in the same action. Plaintiff's

complaint in this action is the type of "mishmash" of claims that courts have found not to be properly proceeding in a single suit. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). "[U]nrelated claims against different defendants belong in separate suits, not only to prevent the sort of morass produced by multi-claim, multi-defendants suits . . ., but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act. Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (internal punctuation and citations omitted). Based upon review of the complaint, the Magistrate Judge's ruling was not clearly erroneous.

Plaintiff seeks to have this Court conduct a review of his complaint to determine which of his claims are properly joined in this action. The Fresno Division of the Eastern District of California has one of the heaviest District Judge caseload in the entire nation. The Court declines to expend its already limited resources wading through Plaintiff's complaint to determine which claims are properly joined as requested by Plaintiff. It is for Plaintiff to submit a complaint that complies with the Rules of Civil Procedure and if he declines to do so this action will be dismissed.

## IV.     CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's objections to the Magistrate Judge's screening order, which the Court construes as a motion for reconsideration, are DENIED;
2. Within thirty days from the date of service of this order, Plaintiff shall file an amended complaint that complies with the July 8, 2015 screening order; and
3. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to comply with a court order and failure to prosecute.

**IT IS SO ORDERED**
**Dated: July 31, 2015**

                     **/s/ Lawrence J. O'Neill**
                     **United States District Judge**