UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED VILLERY,<br><br>        Plaintiff,<br><br>    v.<br><br>EDWARD GARCIA, et al.,<br><br>        Defendants. | Case No.: 1:15-cv-00936-LJO-SAB (PC)<br><br>ORDER REQUIRING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS INTENT TO PROCEED ON THE CLAIMS FOUND TO BE COGNIZABLE<br><br>[ECF No. 13] |

Plaintiff Jared Villery is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's first amended complaint, filed August 24, 2015. (ECF No. 13.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff seeks liability against eight separate Defendants for a pattern of repeated violations of his right to be free of retaliation for the exercise of his rights under the First Amendment. Plaintiff names Lieutenant Michelle White, Sergeant Steven Fidler, and officers George Rodriguez, Bryan Lindsey, Edward Granillo, Brian Dagama, David Stewart and Ryan Miller as Defendants.

Over an eighth month period of time, Defendants Rodriguez, Lindsey and Granillo restricted Plaintiff from working at his assigned job position because he pursued grievances against staff. These Defendants also removed Plaintiff from a paid position for the same reason and threatened to restrict his privileges and prevent him from receiving visits if he complained about not being allowed to work. In an effort to cover up their misconduct, Defendants falsified ten of Plaintiff's work timesheets to make it appear as though he was being permitted to work. Because Defendants prevented Plaintiff

///

from his working in his job position, he was denied over $100 in potential pay and denied extensive time outside of his cell.

On May 23, 2014, Defendant Rodriguez assaulted and repeatedly threatened Plaintiff for pursuing grievances. Defendant Granillo watched and encouraged the actions by Rodriguez.

On June 22, 2014, Defendants Rodriguez, Lindsey and Dagama refused to release Plaintiff to attend a visit claiming it was during Plaintiff's work hours. Due to Rodriguez, Linsey and Dagama's threats to prevent Plaintiff from receiving visit and their following through with this threat on June 22, 2014, Plaintiff was denied access to visiting from May 23, 2014, until he was unassigned from his janitor position on October 21, 2014.

On June 28, 2014, Defendant Lindsey moved Plaintiff out of his housing unit, the day after he met with the CDCR Ombudsman to complaint about the misconduct being committed by Rodriguez, Lindsey, and Granillo. Although there were twenty-five available beds within the unit, and Plaintiff's job assignment required that he remain housed in the unit, Lindsey moved him out for complaining to the Ombudsman and pursuing grievances against staff.

After the move and after being notified by Lindsey about Plaintiff's complaints, Defendants Stewart and Miller subjected Plaintiff to ongoing harassment, threats and false discipline. This was directly motivated by his complaints to the ombudsman, his pursuit of grievances, and his verbal challenge of their misconduct. This culminated with Defendants Lindsey, Stewart, Miller and White working in concert to remove Plaintiff from his janitor job and restrict his access to yard activities, to punish him for exercising his First Amendment rights.

Due to Lindsey moving Plaintiff to a different unit, Defendants Stewart and Miller threated Plaintiff and Miller filed false disciplinary reports against Plaintiff. Plaintiff was removed from his job by Defendants Lindsey, Stewart, Miller and White because he complained to the Ombudsman and pursued grievances.

On August 29, 2014, Defendant Rodriguez issued Plaintiff a fabricated disciplinary report for being on the yard during his work hours, despite the fact that Defendants Rodriguez, Lindsey and Granillo had directly prevented Plaintiff from working. Prior to filing a grievance against Defendant Lindsey and other staff, Plaintiff had always attended yard during his work hours with Defendants'

1  knowledge because he was not permitted to work.  Prior to filing a grievance, Plaintiff had never been
2  issued a disciplinary report for these actions.

3        Rodriguez filed a false charge to punish Plaintiff for pursuing complaints and grievances about
4  his job and other staff misconduct.  At the hearing, Defendant Fidler found Plaintiff guilty while fully
5  aware that the charges were false an in retribution for his pursuit of grievances.  Fidler further
6  condoned the retaliation directed toward Plaintiff by other staff and stated that he didn't care whether
7  staff allowed Plaintiff to work.

8        Due to the filing of false disciplinary charges by Defendant Rodriguez, Plaintiff was placed on
9  C-status classification for six days and included the confiscation of his electrical appliances and
10 restriction of all privileges.  Plaintiff lost all access to yard activities, except for two days of the week.

11       Within days of filing a grievance against Defendants Rodriguez, Lindsey and Granillo for
12 falsifying his job records and refusing to allow Plaintiff to work, Plaintiff was falsely charged with
13 "Refusing to Work" by Rodriguez.  For the twelve day period following this charge, Rodriguez
14 continued to threaten Plaintiff with further disciplinary action if he did not work upstairs.  Rodriguez
15 was aware Plaintiff was medically restricted from going upstairs due to a knee condition which causes
16 severe pain when going up or down stairs.  Rodriguez openly stated that he did not care about
17 Plaintiff's conditions and forced Plaintiff to choose between injuring himself or be charged with
18 fabricated misconduct.  Rodriguez filed these charges and sought for Plaintiff to injure himself as
19 retribution for his pursuit of grievances against Rodriguez and other staff.

20       Due to Rodriguez's harassment and filing of false charges against Plaintiff, Plaintiff was
21 placed on C-status for thirty days.  Although the false charge was later dismissed, Plaintiff's prison
22 record is now tarnished with documentation reflecting that he refused to work on ten different
23 occasions.

24       On October 16, 2014, Rodriguez threatened to empty a can of pepper spray in Plaintiff's face
25 when he asked Rodriguez for his September job timesheet.  Less than two weeks prior to this incident,
26 Plaintiff had filed a grievance against Rodriguez, Lindsey and Granillo for falsifying all of his
27 timesheets and he sought the September timesheet as additional evidence.  Rodriguez was well aware
28 of the pending grievance, which was his motivation when threatening to spray Plaintiff.

4

Due to Rodriguez's threats, Plaintiff has lived in constant fear of being attacked by correctional officers.

## III.

## DISCUSSION

### A. Retaliation

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (quotation marks omitted); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Based on Plaintiff's allegations on the first amended complaint, Plaintiff states a cognizable claim for retaliation against Defendants George Rodriguez, Bryan Lindsey, Edward Granillo, David Stewart, Ryan Miller, and Brian Dagama.

### B. Supervisory Liability

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75

(9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff seeks liability against Defendants Lieutenant Michelle Miller and Sergeant Steven Fidler based on their supervisory positions.

### A.    Defendant Michelle White

With regard to Defendant White, Plaintiff alleges only that on July 15, 2014, Defendant Stewart called Defendant White in the inmate assignment office to get Plaintiff unassigned from his job position, and then Plaintiff was notified by the next day he would no longer have a job. On July 18, 2014, Stewart came to Plaintiff's cell door and showed him a document confirming that he had been removed from his janitor job on or about July 16.

Plaintiff's allegations are wholly insufficient to state a cognizable claim for retaliation against Defendant White, albeit supervisory liability or personal liability. Accordingly, absent proper amendment, Defendant White is subject to dismissal for failure to state a cognizable claim for relief.

### B.    Defendant Steven Fidler

With regard to Defendant Fidler, Plaintiff alleges he was issued a false disciplinary report by Defendant Rodriguez and Defendant Fidler conducted the hearing on the disciplinary charge on September 10, 2014. In his defense, Plaintiff explained to Fidler how Rodriguez, Lindsey and Granillo refused to allow him to work since he was first assigned to his job. Plaintiff then presented Fidler with his work timesheet and a list of dates and times that he had been attending the library. Plaintiff also provided dates for two days when he had been at visits, and for ten days where he had been unassigned from his job. Plaintiff informed Fidler that if he checked the library attendance logs,

visiting logs, and inmate assignment records for all of these dates, and cross-referenced them with his timesheets, he would discover that staff had repeatedly falsified the timesheets to make it look like Plaintiff was being allowed to work, when he either was not in his housing unit or was not even assigned to the job. Fidler found Plaintiff guilty of the charge and concluded the hearing by stating, "save your evidence for an appeal because I don't care if the officers don't let you work."

Plaintiff's allegations are insufficient to state a claim for retaliation against Defendant Steven Fidler. The mere fact that Defendant Fidler found Plaintiff guilty of a disciplinary charge for which Plaintiff claims was false does not support a constitutional violation, much less a claim for retaliation. Without further factual allegations, Plaintiff has failed to state a cognizable claim for retaliation against Defendant Fidler, and absent proper amendment, Defendant Fidler is subject to dismissal for failure to state a cognizable claim for relief.

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim against Defendants George Rodriguez, Bryan Lindsey, Edward Granillo, Brian Dagama, David Stewart and Ryan Miller for retaliation in violation of the First Amendment. Plaintiff has not sufficiently alleged facts for any other claims against any of the other named Defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim for retaliation against Defendants George Rodriguez, Bryan Lindsey, Edward Granillo, Brian Dagama, David Stewart and Ryan Miller, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and Defendants, and will forward Plaintiff six (6) summons and six (6) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

///

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:

        a.    File an amended complaint curing the deficiencies identified by the Court in this order, or

        b.    Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants George Rodriguez, Bryan Lindsey, Edward Granillo, Brian Dagama, David Stewart and Ryan Miller for retaliation in violation of the First Amendment; and

3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **October 21, 2015**

UNITED STATES MAGISTRATE JUDGE

9